IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **DALE DEAN GOINS,** | ) |
| | ) |
| Plaintiff, | ) Case No. 7:20CV00656 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| **RANDY D. TAYLOR, ET AL.,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendants. | ) |

*Dale Dean Goins, Pro Se Plaintiff.*

The plaintiff, Dale Dean Goins, a Georgia inmate proceeding pro se, filed this pro se civil rights action under 42 U.S.C. § 1983, asserting that the defendants violated his constitutional rights related to his arrest in Virginia and his extradition to Georgia. After review of his submissions, I conclude that Goins's Complaint must be summarily dismissed and that his motion seeking interlocutory injunctive relief must be denied.

I.

Goins alleges the following sequence of events on which he bases his claims. On October 11, 1978, Buchanan County, Virginia, Detective Randy D. Taylor detained Goins, handcuffed him, and placed him in a police car, but never told him that he was under arrest or read him his rights. Taylor did not see Goins commit any misdemeanor or felony in his presence. Rather, Taylor was responding to a bulletin

from Gwinnett County, Georgia, advising authorities in other states to be on the lookout for Buddy Earl Justus.[1] Ultimately, Virginia officials charged Goins with possession of a concealed weapon that was found in his van. No judge advised Goins of his rights under Virginia or federal law, and he was not provided with counsel related to his subsequent extradition to Georgia. Goins asserts that on October 13, 1978, Gwinnett County District Attorney Bryan Huff, Taylor, Buchanan County Circuit Court Clerk Irene Deel, and others "conspired to seize, confine, inveigle [sic], decoy, kidnap, and/or abduct, and transport [Goins] across state boundaries in violation of" his rights. Compl. 3-4, ECF No. 1. As relief, Goins asks the court to have the defendants arrested and indicted for violating the law and to declare that his arrest and extradition were unconstitutional.

## II.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). "[A] judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations

---

[1] According to Goins, ECF No. 9, authorities described Justus as a 26-year-old white male with brown hair and blue eyes, who was five feet and eight or nine inches tall and weighed 155 pounds. Goins states that in October 1978, he was not yet 19 years old, was six feet one inch tall, with brown eyes, and weighed only 119 pounds.

omitted). Moreover, the allegations in a pro se complaint are to be liberally construed to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Under 42 U.S.C. § 1983, an aggrieved party may file a civil action against a person for actions taken under color of state law that violate his federal constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

Because Congress did not set time limits for filing a § 1983 action, such cases are uniformly governed by the statute of limitations applicable to general personal injury actions in the state where the tort allegedly occurred. *Owens v. Okure*, 488 U.S. 235, 239, 250 (1989). Under Virginia law, a general personal injury action must be commenced within two years from the date on which the claim accrues. Va. Code Ann. § 8.01-243(A). This two-year limitation statute applies to a prisoner's § 1983 claims for events that occurred in Virginia. *See Shelton v. Angelone*, 148 F. Supp. 2d 670, 677 (W.D. Va. 2001). It is also well established that a § 1983 claim accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). When the court finds it clear from the face of the Complaint that the plaintiff's claims are time barred, the court may summarily dismiss the action as frivolous under § 1915A(b)(1). *Id.* (applying earlier version of 28 U.S.C. § 1915(d)).

I find it plain from the face of Goins's submissions that he waited too long to file his § 1983 claims about his extradition from Virginia to Georgia. Goins knew about, or could soon have discovered, the alleged shortcomings in the arrest and extradition proceedings in October 1978. Yet, he waited more than 40 years from that time to file this § 1983 action in November 2020. Accordingly, his claims are time barred under § 8.01-243(A), and I must summarily dismiss them under § 1915A(b)(1) as frivolous.

I also conclude that Goins cannot succeed on his motion seeking interlocutory injunctive relief. Because preliminary injunctive relief is an extraordinary remedy, the party seeking such relief must make a clear showing on each of four factors: "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because Goins cannot succeed on the merits of his underlying claims after filing them too late, he also cannot qualify for the preliminary injunction he seeks.

### III.

In conclusion, I must summarily dismiss with prejudice Goins's claims about his arrest and extradition as time barred and, therefore, frivolous under

§ 1915A(b)(1). I will also summarily deny his motion seeking interlocutory injunctive relief.

A separate Order will be entered herewith.

                                         DATED:   April 15, 2021

                                         /s/  JAMES P. JONES
                                         United States District Judge